UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                          Criminal Action No. 3:24-CR-0084-RGJ-3

RAYSHAWN SPEARMAN, SR.,                                               Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion of Defendant, Rayshawn Spearman, Sr. ("Spearman Sr."), to "Revoke the Magistrate Judge's Detention Order and Request for Immediate Release with Conditions." [DE 169].  The United States responded. [DE 174].  This matter is now ripe for adjudication.  For the reasons set forth below, Defendant's Motion to Revoke Detention Order [DE 169] is **DENIED**.

**I.    BACKGROUND**

On August 6, 2024, a grand jury issued a three count Superseding Indictment charging fourteen individuals, including Spearman Sr., with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); as well as indicting Spearman Sr., and others with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and indicting Spearman Sr., and one other with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. [DE 10].  Spearman Sr. was arraigned on August 15 and a detention hearing was held August 16, 2024. [ DE 34; DE 44].  That same day, following the hearing, United States Magistrate Judge Regina S. Edwards entered an Order of Detention Pending Trial pursuant to 18 U.S.C. § 3142. [DE 46]. A Second Superseding Indictment was issued in this case on October

16, 2024 with the same charges against Spearman Sr. [DE 109]. On December 9, 2024, Spearman Sr. filed the instant motion. [DE 169]. The United States was ordered to make an expedited response and did so. [DE 171; DE 174].

## II.    STANDARD OF REVIEW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge ... that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." This Court reviews a Defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004)(noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at 2 (6th Cir May 13, 1993).

## III.    DISCUSSION

### 1.    Presumption of detention under § 3142(e).

Section 3142(e) of the Bail Reform Act requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. Specifically, when the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. at § 3142(e)(3). The presumption of § 3142(e)(3) imposes a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. However, even when a defendant satisfies his burden of production, the

3

presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It is the government's ultimate burden to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *Id.* at 947.

The indictment charges Spearman Sr. with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); Possession with Intent to Distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 2; and Possession with Intent to Distribute 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 2, which are offenses listed in 3142(e)(3)(A). The Second Superseding Indictment [DE 109] is sufficient to establish probable cause to believe Spearman Sr. committed the charged offenses. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and stating "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."). This finding of probable cause triggers the presumption of detention under §3142(e)(3). Additionally, both parties agreed during the detention hearing that this is a presumption case. Accordingly, it is undisputed that the presumption of detention applies.

At the detention hearing, Spearman Sr. argued that he could rebut the presumption of detention. Spearman Sr. asserted that he is a life-long resident of the community, lives with his girlfriend, and has six children to support. He also asserted that, while currently closed due to a death in his family, Spearman Sr. owns a mini grocery in Louisville. Spearman Sr. argued that his criminal history is somewhat older and that, while he had had a parole violation in the past, he was able to complete his past parole term. He noted he has no escape charges and has previously completed a term under the home incarceration program ("HIP"). Further, he indicated that the

United States Probation office report indicated that he could be supervised, and he strenuously argued he could abide by the probation office's suggested conditions as well as being willing to submit to GPS monitoring.   The Court does not find that these factors overcome the presumption, but even if they had, the presumption remains a factor to be considered by the Court along with the other factors listed in § 3142(g). The Court will examine each factor in turn.

**2.   Factors to be considered under § 3142(g).**

**i.** <u>Nature and circumstances of the offense charged.</u>

First, the Court considers "the nature and circumstances of the offense charged," but this is especially significant in instances where "the offense . . . involves a controlled substance, [or a] firearm." 18 U.S.C. § 3142(g)(1). Here, the nature and circumstances of the offense charged are serious and pertain to the defendant's involvement with controlled substances. The United States proffered at the detention hearing that Spearman Sr. is charged with bringing significantly large quantities of controlled substances into the district.   Specifically, the United States proffered that Spearman Sr. played a directing role in bringing 252 pounds of methamphetamine and 12 kilograms of cocaine to this jurisdiction and that these transactions were supported by a Title III wiretap of Spearman Sr.'s telephone number.   In addition, at the time of his arrest he was located at a residence with significant amounts of cash, a scale with residue and, despite being a convicted felon, a firearm.   Accordingly, this factor weights in favor of a finding of detention.

**ii.** <u>Weight of the evidence against the Defendant.</u>

Second, as to the weight of the evidence against Spearman Sr., this factor specifically refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt.  *Stone*, 608 F.3d at 948.  Here, Spearman Sr.'s criminal history indicates a significant risk of re-offending and of violating release, as his parole has previously been revoked, which presents a threat to the

community. Moreover, his prior criminal history includes a 2005 trafficking charge which is much like the charges levied in this case. While these charges may be "somewhat dated" and committed when he was younger, they do not minimize the Court's concerns regarding the dangerousness of re-offense. Given that these charges include trafficking of drugs and given that he was found in a home with a firearm, the Court finds, as it did at the detention hearing, substantial evidence of Spearman Sr.'s dangerousness. Accordingly, this factor weighs in favor of detention.

### iii.    History and characteristics of the Defendant.

Third, the Court considers the history and characteristics of the Defendant which include a wide range of factors such as the defendant's character, family ties, employment, financial resources, criminal history, and whether, at the time of the current offense or arrest, the defendant was on release pending trial. Here, Spearman Sr. is a life-long resident of the community and has numerous children to support. The Defendant asserts that, while not open, he does own a business in Louisville. Yet, there was no evidence presented about whether that business would be run or his employment status as to that business.

Finally, the Court considers whether the Defendant was "on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law" at the time of the current offense or arrest. 18 U.S.C. § 1342(g)(3)(b). It is not indicated in the record that he had any of these statuses at the time of the commission of the current alleged offense. Accordingly, this factor is somewhat neutral to the Court but may slightly weigh in favor of release.

### iv.    Nature and seriousness of the danger to any person or the community.

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release must be considered. Given the proffer of the United States

6

regarding his alleged criminal activities as well as the cash, scale, and firearm found in the residence at the time of his arrest, the Court finds, as it did at the detention hearing that this factor weighs in favor of detention.

v. <u>Health Issues</u>

Spearman Sr. asserts several health issues. Medical records attached to this motion show he currently suffers from hypertension, diabetes, severe obstructive sleep apnea, and hyperlipidemia, as well as other less serious health issues. [DE 169 at 549]. He asserts three main concerns. First, "[w]hile in custody he has had daily issues with significant rectal bleeding" for which he was seeking treatment just four days prior to his arrest. [*Id.*]. Since the filing of this motion, the Court has confirmed with the United States Marshals Service that Spearman Sr. has been seen by a gastroenterologist for this issue. As such, he is receiving treatment and release will not remedy the circumstance.

Second, and most concerning to Spearman Sr. is his obstructive sleep apnea and the lack of access to a CPAP machine. The Court has confirmed that with the United States Marshals Service that approval for Spearman Sr.'s CPAP machine was granted on November 25, 2024. As a result, he is receiving access to a CPAP machine and release will not remedy the circumstance.

Finally, Spearman Sr. asserts that he has "moderate-severe" hypertension and that while "[h]e does take daily blood pressure medication which helps significantly, [] the stress and lack of direct access to medication often exacerbate the issue." [DE 169 at 549]. As Spearman Sr. is receiving medication, he is receiving appropriate daily treatment. The Court does not see how "direct access" to a daily medication he is receiving as proscribed would change his situation or warrant release. And while the Court recognizes this is a stressful time for Spearman Sr., the stress

of his criminal prosecution would likely exist regardless of his incarceration and certainly is not grounds for release.

### IV.    CONCLUSION

After reviewing the relevant materials *de novo*, the audio recording from Magistrate Judge Edwards's detention hearing, and the Pretrial Services Report, the Court concludes that there is no condition or combination of conditions to reasonably assure the safety of the community and the appearance of the Defendant; therefore, the Defendant should remain in the custody of the United States Marshals Service pending trial of this matter.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Revoke Detention Order [DE 169] is **DENIED**.

Copies to:    Counsel of record
              Probation Office